**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1201-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

FRANK FARINA,

    Defendant-Appellant.

_____

Submitted May 7, 2025 – Decided May 20, 2025

Before Judges Mayer and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 90-09-4367.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Ruth E. Hunter, Designated Counsel, on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Hannah Kurt, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplement brief.

PER CURIAM

A jury convicted defendant Frank Farina of murder, felony murder, robbery, and weapons offenses for the April 4, 1990 shooting death of Michael Kennedy, a gas station attendant, in Newark. During the encounter, defendant shot Kennedy point blank in the head. According to the gas station owner, $48.59 was missing after the incident.

Twenty years old when he committed the crimes, defendant was sentenced to an aggregate prison term of life plus twenty years with a forty-year parole disqualifier. On direct appeal, we affirmed defendant's convictions and sentence in an unpublished opinion. State v. Farina, No. A-2497-91 (App. Div. July 15, 1994) (slip op. at 26). However, on the State's cross-appeal, we vacated defendant's sentence for possession of a firearm without a permit conviction and remanded to unmerge the conviction from his murder conviction and resentencing on the weapons conviction. Ibid. In September 1994, the court sentenced defendant to a four-year concurrent term on the weapons conviction.[1]

---

[1] We glean from the record this court affirmed the denial of defendant's ensuing post-conviction relief (PCR) petition. However, the parties have not provided, and our research has not disclosed, our opinion on PCR.

At some point,[2] defendant filed separate pro se applications, styled as a motion to correct an illegal sentence under Rule 3:21-10, and for resentencing under State v. Comer, 249 N.J. 359 (2022) (providing a twenty-year lookback provision for the resentencing of juvenile offenders). Defendant also sought the appointment of counsel to expound upon the issues raised.

On November 9, 2022, the judge, who had no prior involvement with defendant's matters, consolidated defendant's motions and issued a single order, denying relief. In his accompanying written decision, the judge initially denied defendant's application for counsel, finding defendant failed to meet the criteria for "good cause" under the "analogous" PCR rule because "the issues raised [we]re readily adjudicated on the current record." See R. 3:22-6(b) (requiring a "showing of good cause" for assignment of counsel on a second or subsequent PCR petition).

Turning to the merits, the judge noted the impetus for defendant's applications was "recent legislative and case law developments recognizing the

---

[2] Defendant's appellate appendix does not include his motion papers. See R. 2:6-1(a)(2) (prohibiting the inclusion of trial court briefs in the appellate appendix unless the issue raised "is germane to the appeal"). We glean his arguments from the motion judge's ensuing decision. In his decision, the judge also noted another judge denied defendant's "earlier motion to correct an illegal sentence." Accordingly, our review is not hampered by the omission.

impact of youth on the commission of crimes and prospects for rehabilitation." Citing the applicable law, the judge found no basis to correct the sentence under Rule 3:21-10(b)(4), and because the sentence comported with authorized sentencing ranges and thus was not excessive, the sentence was not illegal under Rule 3:21-10(b)(5). The judge concluded defendant was not entitled resentencing under Comer because he was not a juvenile when he committed his crimes.[3]

On appeal, defendant raises the following points for our consideration:

POINT I

> DEFENDANT'S LIFE SENTENCE WITH A [FORTY]-YEAR PAROLE DISQUALIFIER, WHICH WAS IMPOSED WITHOUT CONSIDERATION THAT HE WAS A "LATE ADOLESCENT" AT THE AGE OF [TWENTY] AT THE TIME OF THE OFFENSES, IS CRUEL AND UNUSUAL PUNISHMENT. THE WELL-ESTABLISHED SCIENCE SHOWS THAT THE LAW'S HEIGHTENED PROTECTIONS WHEN SENTENCING JUVENILES WHO COMMIT CRIMES SHOULD APPLY TO PERSONS AGED [EIGHTEEN] TO [TWENTY]. THEREFORE, THERE MUST BE A RESENTENCING IN ACCORDANCE WITH MILLER v. ALABAMA, 567 U.S. 460, 471 (2012). SEE ALSO . . . COMER.

---

[3] For reasons that are unclear from the record, in September 2023, another judge corrected the judgment of conviction (JOC) to amend defendant's jail credits.

A.   A Life Sentence For Juveniles is Unconstitutional Without Consideration of the "Distinctive Attributes of Youth," And It is Only the Rarest of Juvenile Offenders For Which Such a Sentence Would Not Be Unconstitutionally Disproportionate. Additionally, Our Court Has Now Provided a Right To a <u>Miller</u> Resentencing For Juveniles Sentenced For Murder and Who Have Served [Twenty] Years. <u>See</u> . . . <u>Comer</u>, 249 N.J. 359 (2022).

B.   Late Adolescents Share Juveniles' "Distinctive Attributes of Youth."

C.   A Life With a Consecutive [Twenty]-Year Sentence With a [Forty]-Year Parole Disqualifier Is "Grossly Disproportionate" To Defendant.

D.   "Evolving Standards of Decency" Demonstrate That Defendant's Sentence Without Consideration of Youth is Cruel and Unusual Punishment.

<u>POINT II</u>

THIS COURT SHOULD REMAND FOR RESENTENCING FOR THE COURT TO RECONSIDER THE CONSECUTIVE SENTENCES, <u>STATE v. TORRES</u>, 246 N.J. 246 (2021), AND BECAUSE THE SENTENCE WAS NOT BASED ON COMPETENT, CREDIBLE EVIDENCE IN THE RECORD.
[(Not Raised Below)]

THE MATTER MUST BE REMANDED FOR
RESENTENCING FOR THE FURTHER REASON
THAT DEFENDANT RECEIVED AN
EXCESSIVELY DISPARATE SENTENCE AS
COMPARED TO HIS "SIMILARLY SUFFICIENT"
CO[-]DEFENDANTS, RENDERING THE
SENTENCE UNLAWFUL.
[(Not Raised Below)]

## POINT IV

THE TRIAL COURT SHOULD HAVE APPOINTED
COUNSEL AND HELD ORAL ARGUMENT ON
DEFENDANT'S MOTIONS.

In his pro se brief, defendant raises an additional point, which we

renumber for the reader's convenience:

## POINT V

THE MOTION[] COURT VIOLATED . . .
[DEFENDANT]'S RIGHT TO EQUAL
PROTECTION, AND FUNDAMENTAL FAIRNESS
UNDER BOTH STATE AND FEDERAL
CONSTITUTIONS WHEN SUMMARILY DENYING
HIS MOTION TO CORRECT AN ILLEGAL
SENTENCE IN SPITE OF THE EVIDENCE THAT
DEMONSTRATES AGGRAVATING FACTOR
[FIVE] WAS IMPOSED WITHOUT THE SUPPORT
OF COMPETENT AND CREDIBLE EVIDENCE IN
THE RECORD.
[(Partially Raised Below)]

After defendant filed his merits brief, we issued our decision in State v. Jones, 478 N.J. Super. 532 (App. Div.), certif. denied, 259 N.J. 304, 259 N.J. 314, and 259 N.J. 315 (2024) (declining to extend the Court's holding in Comer to young adult offenders). In its responding brief, the State argues defendant's contentions lack merit for the same reasons stated in Jones.

We have considered defendant's contentions raised in points I, IV, and V, in view of the principles chronicled in Jones and conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We add the following remarks to give context to our decision.

In Comer, our Supreme Court recognized "children are constitutionally different from adults for purposes of sentencing," 249 N.J. at 384 (quoting Miller, 567 U.S. at 471), and held "[j]uvenile offenders sentenced under the [homicide] statute may petition for a review of their sentence after having spent [twenty] years in jail," id. at 403 (citing Miller, 567 U.S. at 477-78). Comer was seventeen when he committed his crimes, id. at 371, and James Zarate, the defendant in the companion case, was fourteen years old when he committed his crimes, id. at 374.

Following a flurry of unpublished decisions affirming the post-conviction motion courts' denial of various applications by youthful offenders, who were

between the ages of eighteen and twenty when they committed their crimes and serving mandatory sentences greater than two decades, we affirmed other courts' similar denials in three consolidated matters. Jones, 478 N.J. Super. at 553. The three defendants in the consolidated Jones cases were eighteen and twenty years old when they committed homicide. Id. at 541, 544, 547. Similar to defendant in the present matter, each defendant in Jones sought resentencing, arguing the Comer sentencing review procedure "should extend to youthful offenders between the ages of eighteen and twenty when they committed their offenses," id. at 534-35, because "developmental science recognizes no meaningful cognitive differences between juveniles and young adults," id. at 542.

Following an extensive review of the "guiding legal principles" applicable to the sentencing of juvenile offenders, id. at 535-36, we declined to extend the holding in Comer to youthful offenders, id. at 549. We found "the Court's decision was limited to juvenile offenders tried and convicted of murder in adult court." Ibid. In reaching our conclusion, we relied in part on State v. Ryan, 249 N.J. 581 (2022), an opinion the Court issued one month after deciding Comer. Jones, 478 N.J. Super. at 549-50.

In Ryan, the Court observed: "The Legislature has chosen eighteen as the threshold age for adulthood in criminal sentencing. Although this choice may

seem arbitrary, 'a line must be drawn,' and '[t]he age of [eighteen] is the point where society draws the line for many purposes between childhood and adulthood.'"  249 N.J. at 600 n.10 (alterations in original) (quoting Roper v. Simmons, 543 U.S. 551, 574, (2006)); see also Jones, 478 N.J. Super. at 551 (citing N.J.S.A. 2A:4A-22(a) (defining a juvenile as an individual "under the age of [eighteen] years"); N.J.S.A. 2A:4A-22(b) (defining an adult as "an individual [eighteen] years of age or older")).

In Jones, we further noted "our [limited] institutional role as an intermediate appellate court."  478 N.J. Super. at 551.  Bound by the Supreme Courts of the United States and this state, we declined "to disturb the motion judges' decisions, which emphasized the Supreme Court in Comer limited its decision to juveniles."  Ibid.

Nor were we persuaded by the defendants' contentions that the motion courts erroneously denied their requests for assignment of counsel.  Id. at 551-52.  Because the defendants failed to establish good cause for appointment of counsel pursuant to Rule 3:21-10(c), and "their contentions were not particularly complex," we discerned no abuse of discretion in the court's rulings.  Id. at 552.

We reach the same conclusions in this case.  Perceiving no basis to deviate from our opinion in Jones, we affirm the November 9, 2022 order denying

9

defendant's consolidated motions for resentencing without assignment of counsel.

Little need be said regarding defendant's contentions raised in points II, III, and his aggravating factor five argument raised pro se in point V. As a preliminary matter, these point headings cite the 1991 judgment of conviction and the motion court's November 9, 2022 order and entire decision rather than "the place in the record where the opinion or ruling in question is located." R. 2:6-2(a)(1). Based on our review of the judge's decision, these issues were not raised before the motion court. Accordingly, defendant's arguments are inappropriate for our review. "For sound jurisprudential reasons, with few exceptions," State v. Witt, 223 N.J. 409, 419 (2015), which are inapplicable here, "appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available," State v. Robinson, 200 N.J. 1, 20 (2009) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)).

Moreover, defendant's belated claim that the trial court improperly imposed consecutive sentences is procedurally barred by Rule 3:22-5. We considered and rejected defendant's consecutive sentences challenge in our opinion prior opinion. See Farina, slip op. at 23-25. To the extent defendant

now argues the trial court erroneously imposed an excessive disparate aggregate sentence, his argument is procedurally barred under Rule 3:22-4(a)[4] because it could have been raised on direct appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

---

[4] Relevant here, Rule 3:22-4(a) provides a ground for relief "could not reasonably have been raised in any prior proceeding" only if the defendant establishes the factual basis for the ground "could not have been discovered earlier through the exercise of reasonable diligence."

11                                                                          A-1201-22